UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

---

In re:                                          Chapter 7
                                                Case No. 09-13438K
Nanodynamics, Inc.                              Hon. Michael J. Kaplan

      Debtor.

---

Mark S. Wallach, as Chapter 7 Trustee
of Nanodynamics, Inc.,

      Plaintiff,                            Adv. Pro. No. _____

  vs.

Allan Rothstein,

      Defendant.

---

## ADVERSARY COMPLAINT FOR (i) AVOIDANCE AND RECOVERY OF PREFERENTIAL AND FRAUDULENT TRANSFERS AND (ii) DISALLOWANCE OF CLAIMS

Mark S. Wallach, the chapter 7 Trustee of Nanodynamics, Inc., by and through his special counsel, Harter Secrest & Emery LLP, as and for his complaint against the defendant, Allan Rothstein, alleges as follows:

### I. PROCEDURAL HISTORY

1. On July 27, 2009 ("Petition Date"), the debtor, Nanodynamics, Inc. ("Debtor"), filed a voluntary petition for relief pursuant to chapter 7 of title 11 of the United States Code ("Bankruptcy Code") in the United States Bankruptcy Court for the Western District of New York ("Bankruptcy Court") [Docket No. 1].

2. On or about July 27, 2009, Mark S. Wallach was appointed to serve as the chapter 7 trustee for Debtor's case ("Plaintiff" or "Trustee") [Docket No. 7].

## II. PARTIES

3. Upon information and belief, the defendant, Allan Rothstein ("Defendant"), is a former director, officer and/or chairperson of the Debtor, and subsequently served as an outside consultant to the Debtor, and last resided at 34 Sousa Drive, Sands Point, New York.

## III. JURISDICTION & VENUE

4. This proceeding is brought in accordance with FED. R. BANKR. P. 7001 and seeks the following relief: (1) avoidance and recovery of preferential and fraudulent transfers pursuant to 11 U.S.C. §§ 544, 547, 548 and 550; and (2) disallowance of claims pursuant to 11 U.S.C. § 502.

5. This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

6. This action is a core proceeding as defined under 28 U.S.C. § 157(b)(2).

7. This Court is the proper venue for this proceeding pursuant to 28 U.S.C. § 1409(a).

## IV. FACTUAL BACKGROUND

### A. Lease & Consulting Agreements

8. Upon information and belief, Defendant served as a director, officer and/or chairperson of the Debtor since its formation as a Delaware corporation in March 2002.

9. On November 17, 2004, the Debtor entered into a Standard Form of Office Lease with 98 CM Corp. c/o J.Z. Cutter Management Corp., as landlord, for property known as 98 Cutter Mill Road, Suites 368 and 370, Great Neck, New York 11021 ("Leased Property"), a true and accurate copy of which is attached hereto as **Exhibit A**.

10. Effective April 26, 2007, Defendant "resigned as a Director and Officer of the [Debtor]…citing the proposed public offering and conflicts that will exist between his role with

the Company and other business interest if he remains as Chairman of the [Debtor] after its common stock is publicly traded," as reflected in the Debtor's corporate minutes for May 1, 2007, attached hereto as **Exhibit B**.

11. Effective May 1, 2007, the Debtor and Defendant entered into a Consulting Agreement ("Agreement") – a true and accurate copy is attached hereto as **Exhibit C** – for the Defendant to perform the following "Services" over a 3-year term:

> [Defendant] shall consult with [Debtor]'s Chief Executive Officer ("CEO") and such other members of senior management of [Debtor] as CEO designates with regard to various transactions in which [Debtor] may be involved, such as product or technology licensing arrangements, research and development sponsorships, mergers, acquisitions, joint ventures and any other transaction reasonably requested and specifically identified in writing by [Debtor] (a "Transaction"). [Defendant] will advise and assist [Debtor] in the court of its negotiations of any Transaction(s) and, if requested by [Debtor], will participate directly in such negotiations.

12. The Agreement provided for compensation over the 3-year term as follows: (a) quarterly installments of $13,500.00; (b) reimbursement of "reasonable and necessary expenses"; (c) continued payment for the Leased Property; and (d) contingent fees based on successful transactions involving the Defendant. *See* **Exhibit C**.

### B. No Business Purpose & Defendant Nonperformance

13. Upon information and belief, the Debtor never used the Leased Property for any of its own business purposes. Rather, the Debtor maintained the Leased Property exclusively and solely for the Defendant's personal use, with no tangible direct or indirect benefit to the Debtor.

14. Accordingly, on August 14, 2009, the Trustee filed a Motion to Reject to Real Property Lease regarding the Leased Property [Docket No. 29] ("Rejection Motion"), which provided as follows (emphasis added):

[Trustee] has been informed by Diane McMahon, Esq. and William E. Cann, who have been appointed Special Counsel and Consultant to the Trustee respectively…that the [Leased Property] was for the primary benefit of [Defendant], a shareholder and Board member of the Debtor, and that said premises was used primarily for the benefit of [Defendant] and his varied business interests…***the Debtor conducted no meaningful operations out of the subject leased premises*** and, accordingly, there is no benefit whatsoever to the Bankruptcy Estate to assume the subject lease.

15. On August 26, 2009, the Bankruptcy Court entered an Order granting the Trustee's Rejection Motion [Docket No. 51].

16. Upon information and belief, the Defendant failed to adequately perform any of the "Services" required under the Agreement between May 1, 2007, and the Petition Date, as evidenced by the Debtor's lack of successful operations, long-term insolvency and eventual filing with the Bankruptcy Court.

### C. Debtor Payments

17. Per the Agreement, during the 2-year period from July 27, 2007, to the Petition Date, the Debtor provided payments to the Defendant for alleged consulting fees in the approximate amount of $122,501.75, as reflected on the account ledger attached hereto as **Exhibit D**.

18. Solely to the Defendant's benefit, the Debtor made payments for the Leased Property, between November 2005 and the Petition Date, in the total amount of $386,667.32, as reflected on the account ledger attached hereto as **Exhibit E**.

### V. CAUSES OF ACTION

### COUNT I

### Avoidance of Preferential Transfers – 11 U.S.C. § 547

19. Plaintiff re-alleges and incorporates the preceding paragraphs of this Complaint, as if fully set forth herein.

20. All payments for alleged consulting fees under the Agreement and the Leased Property (collectively "Transfers") were property, or interests in property, of the Debtor. *See* **Exhibit D** and **Exhibit E**.

21. At all relevant times, the Defendant was ostensibly a creditor of the Debtor, as defined in 11 U.S.C. § 101(10).

22. The Transfers were made by Debtor to or for the benefit of the Defendant.

23. The Transfers were made on account of an antecedent debt owed by Debtor to the Defendant before the Transfers occurred.

24. The Transfers were made while Debtor was insolvent, as defined in 11 U.S.C. § 101(32).

25. Although the Defendant formally resigned as a director, officer and/or chairperson of the Debtor, he maintained a significant amount of influence and control over the Debtor's finances and operations until the Petition Date. As a result, the Defendant was effectively a director, officer or person in control of the Debtor when the Transfers were made and therefore, an "insider" of the Debtor under 11 U.S.C. § 101(31)(B).

26. A portion of the Transfers were made within one (1) year of the Petition Date.

27. The Transfers enabled the Defendant to receive more than he would have received: (i) under the Debtor's Chapter 7 bankruptcy; (ii) if the Transfers had not been made; and (iii) if the Defendant received payment of the underlying debt to the extent provided by the Bankruptcy Code.

28. Accordingly, certain of the Transfers are avoidable preferential transfers pursuant to 11 U.S.C. § 547.

## COUNT II

**Avoidance of Fraudulent Transfers – 11 U.S.C. § 548**

29. Plaintiff re-alleges and incorporates the preceding paragraphs of this Complaint, as if fully set forth herein.

30. The Transfers were all property, or interests in current and future property, of the Debtor. *See* **Exhibit D** and **Exhibit E**.

31. A significant portion of the Transfers all took place within two (2) years of the Petition Date.

32. There is no evidence that the Debtor ever received any benefit or a reasonably equivalent value in exchange for the Transfers.

33. Debtor was insolvent at the time of and after the Transfers.

34. Alternatively, the Debtor made the Transfers to or for the benefit of an insider under an employment contract and not in the ordinary course of business.

35. Accordingly, a significant portion of the Transfers are avoidable as fraudulent transfers pursuant to 11 U.S.C. § 548.

## COUNT III

**Avoidance of Fraudulent Transfers – 11 U.S.C. § 544 / N.Y. Debt. & Cred. Law § 273**

36. Plaintiff re-alleges and incorporates the preceding paragraphs of this Complaint, as if fully set forth herein.

37. Pursuant to 11 U.S.C. § 544(b), upon commencement of this case, Plaintiff has the right to avoid any transfer that is voidable under applicable law. In this case, Plaintiff also relies upon N.Y. Debt. & Cred. Law § 273 to avoid any constructive fraudulent transfers.

38. The Debtor received neither direct benefit from, nor a reasonably equivalent value in exchange for, the Transfers.

39. Debtor was and became further insolvent as a result of the Transfers.

40. Accordingly, all of the Transfers are avoidable as fraudulent transfers pursuant to 11 U.S.C. § 544 and N.Y. Debt. & Cred. Law § 273.

## COUNT IV

### Recovery of Property – 11 U.S.C. § 550

41. Plaintiff re-alleges and incorporates the preceding paragraphs of this Complaint, as if fully set forth herein.

42. Defendant was the initial transferee of the Transfers, or the person for whose benefit the Transfers were made.

43. Plaintiff is entitled to avoid the Transfers as preferential and/or fraudulent transfers pursuant to 11 U.S.C. §§ 544, 547 and 548.

44. Pursuant to 11 U.S.C. § 550, Plaintiff is entitled to recover from the Defendant an amount, to be determined at trial, that is not less than the sum and/or value of the Transfers.

## COUNT V

### Disallowance of Claims – 11 U.S.C. § 502(d)

45. Plaintiff re-alleges and incorporates the preceding paragraphs of this Complaint, as if fully set forth herein.

46. Defendant is the initial transferee of the Transfers, or the person for whose benefit the Transfers were made, which are avoidable as preferential and/or fraudulent transfers under 11 U.S.C. §§ 544, 547 and 548, and thus, recoverable by the Plaintiff under 11 U.S.C. § 550.

47. Pursuant to 11 U.S.C. § 502(d), any and all claims held by the Defendant against the Debtor should be disallowed, including the Defendant's general unsecured claim for $532,315.07 [Claim No. 64], unless the Defendant pays an amount equal to the sum and/or value of the Transfers.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following:

A. Avoidance of the Transfers as preferential transfers pursuant to 11 U.S.C. § 547;

B. Avoidance of the Transfers as fraudulent transfers pursuant to 11 U.S.C. § 548;

C. Avoidance of the Transfers as fraudulent transfers pursuant to 11 U.S.C. § 544 and N.Y. Debt. & Cred. Law § 273;

D. Judgment against Defendant in an amount to be determined at trial, but no less than the sum and/or value of the Transfers, including pre-judgment interest, costs and attorneys' fees, pursuant to 11 U.S.C. § 550;

E. Disallowance of any and all claims held by Defendant against Debtor pursuant to 11 U.S.C. § 502(d), unless Defendant pays an amount equal to the sum and/or value of the Transfers; and

F. Such other and further relief as this Court deems proper.

Dated: July 13, 2011
Buffalo, New York

**HARTER, SECREST & EMERY LLP**

By: */s/ Raymond L. Fink*
Raymond L. Fink, Esq.
John A. Mueller, Esq.
• *Special Counsel to Mark S. Wallach, as Chapter 7 Trustee of Nanodynamics, Inc.*
Twelve Fountain Plaza, Suite 400
Buffalo, New York 14203-2835
Telephone: (716) 853-1616